IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GREGORY LAMAR NELMS                    *

     Plaintiff,                               *

        v.                                   *          2:09-CV-750-ID
                                      (WO)

THE BOARD OF PARDONS AND                *
PAROLE COURT HEARINGS,
                                        *
     Defendant.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged as a result of his current detention which he maintains is unlawful. In naming "the Board of Pardons and Parole Court Hearings," the court understands Plaintiff to name as the defendant the Alabama Board of Pardons and Paroles.

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the

# I.  DISCUSSION

*A.  The Alabama Board of Pardons and Paroles*

The Alabama Board of Pardons and Paroles  is not subject to suit or liability under §
1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless
of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State
School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the
Alabama Board of Pardons and Paroles are "based on an indisputably meritless legal theory,"
and are, therefore, subject to dismissal as frivolous  under 28 U.S.C. § 1915(e)(2)(B)(I).  *See
Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

*B. The Challenge to Plaintiff's Detention*

Plaintiff complains that there is no basis for his current detention in the Lee County
Detention Facility.  Specifically, Plaintiff asserts that he was sent back to prison for violating
his parole but maintains that State failed to prove the charge against him and it was nolle
prossed.   As relief, Plaintiff seeks a proper and legal parole hearing and reinstatement on
parole.  (*See Doc. No. 1 and attachments*.)

Plaintiff's complaint that his parole was improperly revoked provides no basis for
relief at this time.  *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S.

---

complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks
monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to §
1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present
statute.

641, 646 (1997).  In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*. at 481. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989) (when the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983).

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as

3

necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole).  Plaintiff has not shown that the parole revocation decision he challenges has been invalidated in an appropriate civil action.  Consequently, the instant collateral attack on this adverse action by the Alabama Board of Pardons and Paroles is prohibited by *Heck* and *Balisok*.  Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the validity of his parole revocation.  This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the foregoing, the court concludes that Plaintiff's complaint  is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Alabama Board of Pardons and Paroles be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2.   Plaintiff's challenge to the revocation of his parole be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.   The complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 30th, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of August 2009.

/s / Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE